I respectfully dissent from the majority opinion.
Although I appreciate the majority's public policy argument, unlike the majority, I do not see why the "words or substance" set forth at paragraph three of the settlement agreement tend to be misleading. Even if the settlement agreement is void and unenforceable,[2] public policy does not give appellee the privilege to publish false and/or defamatory information. When the evidence is considered in the light most favorable to appellant as required by Civ.R. 56, I find appellant has offered sufficient evidence to withstand summary judgment. Accordingly, I would reverse the decision of the trial court and remand this case for further proceedings.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
[2] Although I agree with the majority a contract which is against public policy is unenforceable, I question whether a settlement agreement entered in a lawsuit is likewise unenforceable.